1

2

3

4              IN THE UNITED STATES DISTRICT COURT

5            FOR THE EASTERN DISTRICT OF CALIFORNIA

6    TIMOTHY GRAFF,

7              Petitioner,                    No. CIV S-07-0318 MCE CMK P

8         vs.

9    SOLANO COUNTY SHERIFF'S DEPARTMENT, et al.,

10             Respondents.              FINDINGS & RECOMMENDATIONS

11    _____/

12             Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

13    habeas corpus pursuant to 28 U.S.C. § 2254,[1] together with a request to proceed in forma

14    pauperis.

15             Examination of the affidavit reveals petitioner is unable to afford the costs of this

16    action.  Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

17             The exhaustion of available state remedies is a prerequisite to a federal court's

18    consideration of claims sought to be presented in habeas corpus proceedings.  See Rose v.

19    Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner can satisfy the exhaustion

20    requirement by providing the highest state court with a full and fair opportunity to consider all

21    claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971),

22    Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

23

24             [1]Plaintiff filed this action on a form used for filing a civil rights complaint; however, he
    stated that he sought relief under habeas corpus ("I would like to have charges dismissed under
25    habeas corpus").  By order filed February 28, 2007, the court granted plaintiff thirty days to clarify
    the nature of his action.  The court stated that should plaintiff fail to provide clarification, the court
26    would assume that plaintiff sought habeas relief.  (Doc. 5).  To date, plaintiff has not provided
    clarification.

                                      1

1    After reviewing the petition for habeas corpus, the court finds that petitioner has
2    failed to exhaust state court remedies.  The claims have not been presented to the California
3    Supreme Court.  There is no allegation that state court remedies are no longer available to him.
4    Further, the court is barred from intervening in this matter by the <u>Younger</u> doctrine.  Federal
5    courts cannot interfere with pending state criminal proceedings, absent extraordinary
6    circumstances which create a threat of irreparable injury.  <u>Younger v. Harris</u>, 401 U.S. 37, 45-46
7    (1971).  Irreparable injury does not exist in such situations if the threat to plaintiff's federally
8    protected rights may be eliminated by his defense of the criminal case.  Moreover, "even
9    irreparable injury is insufficient [to permit interference with the proceeding] unless it is `both
10   great and immediate.'"  <u>Id.</u> at 46 (quoting <u>Fenner v. Boykin</u>, 271 U.S. 240, 243-44 (1926)).
11    Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of
12   habeas corpus be dismissed for failure to exhaust state remedies.

13   These findings and recommendations will be submitted to the United States
14   District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
15   twenty days after being served with these findings and recommendations, petitioner may file
16   written objections with the court and serve a copy on all parties.  Such a document should be
17   captioned "Objections to Findings and Recommendations."   Petitioner is advised that failure to
18   file objections within the specified time may waive the right to appeal the District Court's order.
19   <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

20   IT IS ORDERED that plaintiff's request to proceed in forma pauperis is granted.

21
22   DATED:  April 17, 2007.

23
24                                                _____
                                                 **CRAIG M. KELLISON**
25                                                UNITED STATES MAGISTRATE JUDGE

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26